Rose Marie Hobson vs. The McLean Hospital
Corporation & others.[1]

Middlesex. February 3, 1988. — May 16, 1988.

Present: Hennessey, C.J., Wilkins, Liacos, Abrams, & O'Connor, JJ.

*Practice, Civil,* Motion to dismiss, Complaint. *Contract,* Employment. *Public Policy. Civil Rights,* Termination of employment. *Unlawful Interference.*

A complaint alleging that a hospital's by-laws conferred privileges on certain employees, including the plaintiff; that unspecified employment policies and practices which developed in conjunction with the by-laws constituted a contract between the hospital and the plaintiff; that, pursuant to the contract, the hospital was obliged to retain the plaintiff in her position unless there was just cause for her termination and to give her adequate counseling, assistance and warning prior to any termination for cause; and that the hospital terminated the plaintiff's employment without just cause and without such adequate counseling, assistance and warning was sufficient to state a claim against the hospital for breach of the plaintiff's employment contract. [415-416]

A complaint alleging that the plaintiff, a member of a hospital's professional staff, was required by State and municipal law to supervise patients who desired to cook meals and to direct the nursing staff to adhere strictly to the standards for checking patients; that these actions by the plaintiff caused resentment among members of the medical staff which led to requests for her removal; and that her attempt to enforce the law with respect to supervision of cooking and to the checking of patients was the immediate and proximate cause of her discharge was sufficient to state a claim against the hospital and certain individual members of the hospital staff on the theory that the termination of the plaintiff's employment was wrongful because it had violated public policy. [416-417]

A count in a complaint containing conclusory allegations that, by discharging the plaintiff or seeking her discharge, the hospital which formerly employed her and certain members of its staff have by threats, intimidation or coercion, interfered with her exercise of rights guaranteed to her by

[1] Francis deMarneffe, M.D., General Director; Shervert H. Frazier, M.D., Psychiatrist in Chief; Alan F. Schatzberg, M.D., Service Chief; Steven Mirin, M.D., Service Chief.

Massachusetts law, which simply amounted to a summarization of G. L.
c. 12, §§ 11H-11I, failed to state a claim upon which relief could be
granted on a theory that the plaintiff's civil rights had been violated.
[417-418]
A count in a complaint alleging that certain members of a hospital's staff
"with malice and without lawful justification" interfered with her contrac-
tual relationship with the hospital was sufficient, in the circumstances,
to state a claim upon which relief could be granted. [418]


CIVIL ACTION commenced in the Superior Court Department
on April 18, 1986.

The case was heard by *Herbert Abrams*, J., on motions to
dismiss.

The Supreme Judicial Court on its own initiative transferred
the case from the Appeals Court.

*Joseph G. Sandulli* for the plaintiff.

*Andrew L. Eisenberg* (*Elliot K. Gordon* with him) for the
defendants.

*Frederick T. Golder*, for Plaintiff Employment Lawyers As-
sociation, amicus curiae, submitted a brief.

HENNESSEY, C.J. The plaintiff was employed at the defend-
ant McLean Hospital Corporation (hospital) for approximately
twenty years. Following her discharge the plaintiff filed a four-
count complaint seeking damages against the hospital for
breach of her employment contract (count one); against the
hospital and the individual defendants for the "common law
tort" of wrongfully terminating an employee in retaliation for
her enforcement of State and municipal laws and regulations
(count two); against the hospital and the individual defendants
for violation of civil rights (count three); and against the indi-
vidual defendants alone for interference with contractual rela-
tions (count four). The defendants filed a motion to dismiss
the first three counts under Mass. R. Civ. P. 12 (b) (6), 365
Mass. 754 (1974). This motion was granted. The individual
defendants then moved under rule 12 (b) (6) to have the remain-
ing count dismissed, arguing that dismissal of the contract
claim prevented the plaintiff from stating a claim for interfer-
ence with contractual relations. This motion was granted, and

the judge dismissed the plaintiff's complaint with prejudice. We transferred the appeal here on our own motion.

At the outset we note that what we review is the grant of a dismissal motion under rule 12 (b) (6) and not a grant of summary judgment under Mass. R. Civ. P. 56, 365 Mass. 824 (1974). Thus we review the complaint to determine if, viewing its allegations and inferences broadly and in the plaintiff's favor, "it appears beyond doubt that the plaintiff can prove no set of facts in support of [her] claim" entitling her to relief. *Nader* v. *Citron*, 372 Mass. 96, 98 (1977).

1. *Breach of contract claim.* In count one of her complaint the plaintiff alleges that the hospital's by-laws for the professional staff confer privileges on certain employees, that unspecified "employment policies and practices" have developed in conjunction with the by-laws, and that the plaintiff was appointed director of nursing administration in 1976 "pursuant to those By-laws."[2] The plaintiff also alleges in count one that "[t]he By-laws and the employment policies and practices which have developed in conjunction with them constitute a contract between [the hospital] and Mrs. Hobson"; that "[p]ursuant to that contract, [the hospital] was obliged to retain Mrs. Hobson as Director of Nursing unless and until there was just cause for her termination and it was obliged to give Mrs. Hobson adequate counseling, assistance and warning prior to any termination for cause"; and that "[the hospital] terminated Mrs. Hobson on April 21, 1983 without just cause and without the adequate counseling, assistance and warning required by contract."

Confining ourselves to a review of these allegations, we conclude that the plaintiff has stated a claim in count one. It cannot be said that the plaintiff can prove no set of facts entitling her to recovery. The hospital argues that the by-laws, even if they contain the terms of a contract between the parties, do not provide that there must be just cause for termination of staff members. The hospital also argues that its employment practices cannot be part of the parties' contract because the by-

---

[2] The record includes a copy of the by-laws.

laws, which the plaintiff alleges to be part of the contract, specifically limit employees' privileges to the by-laws' terms. Nevertheless, count one can fairly be read as asserting that the plaintiff's rights did not stem exclusively from the by-laws. The allegations are sufficient to permit proof of an oral contract or a contract implied in fact, and the evidence may show that the by-laws' limitations on the employees' privileges were not controlling. Dismissal of the contract claim under rule 12 (b) was improper.

2. *The discharge in violation of public policy claim.* In count two of her complaint the plaintiff alleges that she "was required by the Belmont fire department, pursuant to state and municipal law and ordinance and with authorization of defendant Frazier, to direct the nursing staff to accompany and supervise patients who desired to cook meals"; that she "was required by state law and regulation and authorized by defendant Frazier to direct the nursing staff to adhere strictly to the standards for checking patients"; and that "[t]hese actions of Mrs. Hobson caused anger and resentment among members of the medical staff, particularly defendants Schatzberg and Mirin, who complained to defendants Frazier and deMarneffe seeking Mrs. Hobson's removal." The plaintiff concludes count two by alleging that "[p]ursuant to those complaints, defendants Frazier and deMarneffe decided to terminate Mrs. Hobson," and that "Mrs. Hobson's attempt to enforce the law with respect to supervision of cooking and to the checking of patients was the immediate and proximate cause of her discharge." The plaintiff sought recovery against the hospital and against the individual defendants under count two.

Liability can be imposed on an employer who terminates an at-will employee in violation of a clearly established public policy. See *DeRose* v. *Putnam Management Co.*, 398 Mass. 205, 210 (1986); *Gram* v. *Liberty Mut. Ins. Co.*, 384 Mass. 659, 668 & n.6 (1981), *S.C.*, 391 Mass. 333 (1984); *Glaz* v. *Ralston Purina Co.*, 24 Mass. App. Ct. 386, 389-390 (1987). Reading count two with liberality, we think that the plaintiff has stated a claim in broad terms. See *DeRose* v. *Putnam Man-*

*agement Co., supra* at 208-210.[3] It remains to be seen whether, when the facts are shown in further proceedings, the plaintiff can make out a case of liability on public policy grounds.[4]

3. *The Massachusetts Civil Rights Act claim.*[5] In count three the plaintiff alleges that, by discharging her or seeking her discharge, the various defendants have by threats, intimidation or coercion interfered with her exercise of rights guaranteed to her by Massachusetts law. These conclusory allegations, amounting to a summarization of G. L. c. 12, §§ 11H-11I, fail to state a claim. See *Whitinsville Plaza, Inc.* v. *Kotseas*, 378 Mass. 85, 100-101 (1979). The plaintiff does not identify,

---

[3] In conjunction with their rule 12 (b) (6) motion, the defendants moved pursuant to Mass. R. Civ. P. 12 (f), 365 Mass. 754 (1974), to strike certain of the plaintiff's requests for relief under the discharge in violation of public policy claim. The judge granted the motion at the same time he granted the rule 12 (b) (6) motion. The basis of his action is not clear from the record. The issue of the appropriate measure of damages where an at-will employee is discharged in violation of public policy is unanswered in this State and is not presented on the incomplete record here. Given the unsettled state of the law in this area, we vacate the above order allowing the motion to strike.

[4] We do not consider the defendants' argument, made for the first time on appeal, that the plaintiff's claim for discharge in violation of public policy, to some extent at least, is preempted by G. L. c. 111, § 72G (1986 ed). The defendants are free to raise this matter in further proceedings.

[5] General Laws c. 12, § 11H (1986 ed.), provides as follows: "Whenever any person or persons, whether or not acting under color of law, interfere by threats, intimidation or coercion, or attempt to interfere by threats, intimidation or coercion, with the exercise or enjoyment by any other person or persons of rights secured by the constitution or laws of the United States, or of rights secured by the constitution or laws of the commonwealth, the attorney general may bring a civil action for injunctive or other appropriate equitable relief in order to protect the peaceable exercise or enjoyment of the right or rights secured."

General Laws c. 12, § 11I (1986 ed.), provides as follows: "Any person whose exercise or enjoyment of rights secured by the constitution or laws of the United States, or of rights secured by the constitution or laws of the commonwealth, has been interfered with, or attempted to be interfered with, as described in section 11H, may institute and prosecute in his own name and on his own behalf a civil action for injunctive and other appropriate equitable relief as provided for in said section, including the award of compensatory money damages."

and we do not discern, what right guaranteed to her by Massachusetts law is concerned.[6]

4. *Interference with contractual relations.* In count four, the plaintiff alleges that the individual defendants "with malice and without lawful justification," interfered with her contractual relationship with the hospital. As noted above, the judge apparently adopted the defendants' position that, in the absence of a contract between the plaintiff and the hospital, there could be no interference with contractual relations by the individual defendants. We have determined that count one was dismissed improperly. It follows that the dismissal of count four on the basis of the dismissal of count one is also erroneous. The defendants do not claim that count four otherwise fails to state a claim. Our review of the allegations in count four causes us to conclude that such contention would fail.

The judgments of dismissal as to counts one, two, and four are reversed; the judgment of dismissal as to count three is affirmed, and the order allowing the defendants' rule 12 (f) motion (see note 3, *supra*), is vacated. The case is remanded for proceedings consistent with this opinion.

*So ordered.*

---

[6] The plaintiff's allegation that she "has a right under Chapter 12, section 11H to the exercise and enjoyment of the rights provided by the laws of the Commonwealth free from interference by threats, intimidation or coercion" begs the question. General Laws c. 12, § 11H (1986 ed.), provides no substantive rights. It provides, rather, a method to redress interference with rights given by the laws of the United States or the Commonwealth.