EDWARD G. CLEMENT, JR. *vs.* REV-LYN CONTRACTING
COMPANY & another[1]

No. 95-P-50.

Suffolk. February 15, 1996. - April 24, 1996.

Present: ARMSTRONG, GILLERMAN, & IRELAND, JJ.

*Unlawful Interference. Contract,* Employment. *Employment,* Termination.
*Practice, Civil,* Instructions to jury.

A corporation could not be held vicariously liable for wrongful interference
with the employment of one of its own employees based on the tortious
conduct of one of its supervisory employees. [323-324]

At the trial of a claim for wrongful interference with employment, the
judge's erroneous instructions to the jury with respect to the legal stan-
dard governing the plaintiff's termination from employment by the de-
fendant and his failure to instruct properly on the plaintiff's burden of
proof in the circumstances presented required that the defendant be
granted a new trial on that claim. [324-326]

CIVIL ACTION commenced in the Superior Court Depart-
ment on May 18, 1989.

The case was tried before *Hiller B. Zobel,* J.

*Howard G. Guggenheim* for the defendants.

*David F. Cavers, Jr.,* for the plaintiff.

GILLERMAN, J. From September, 1986, until the termina-
tion of his employment on August 8, 1988, Edward G. Clem-
ent, Jr., was an estimator and foreman for Rev-Lyn Contract-
ing Company (corporation). The corporation, forty-nine per
cent of which was owned by the defendant Ralph L. Beau-
doin,[2] was in the marine contracting business.

In the action Clement brought against the corporation and
Beaudoin, the jury, answering special questions, found that
Beaudoin wrongfully interfered with Clement's employment

---

[1]Ralph L. Beaudoin

[2]The remaining fifty-one per cent was owned by Rosemary Kelly.

by the corporation, and that Beaudoin's wrongful interference was the proximate cause of Clement's damages in the amount of $45,000. The jury also found that Beaudoin had slandered Clement, that the slanderous remarks were not privileged, but that Clement suffered no damages as a result of the slanderous remarks.[3]

Following the verdict of the jury, the judge, over the defendant's objection, allowed Clement's motion to amend the complaint by adding the corporation as a party defendant to the count regarding wrongful interference.[4] Thereafter, judgment was entered against both defendants on the wrongful interference claim, and subsequently the defendants' motions for new trial and for judgment notwithstanding the verdict were denied.[5] The defendants filed a timely notice of appeal.

We conclude that the judgment against the corporation must be reversed and the claim of wrongful interference against the corporation dismissed, and that there must be a new trial of the claim against Beaudoin as a result of an error in the judge's instructions to the jury on the wrongful interference claim.

1. *The judgment against the corporation.* Clement acknowledges that his task of preserving the judgment against the corporation requires "departing from the usual rule" that malicious interference by a supervisory employee will not be imputed to the employer. See *Gram* v. *Liberty Mut. Ins. Co.*, 384 Mass. 659, 663 n.3 (1981); *Riseman* v. *Orion Research, Inc.*, 394 Mass. 311, 314 (1985); *Mailhiot* v. *Liberty Bank & Trust Co.*, 24 Mass. App. Ct. 525, 528 (1987). See also *Saint Louis* v. *Baystate Med. Center, Inc.*, 30 Mass. App. Ct. 393, 404 (1991). Clement makes the argument that if liability can be imposed on an employer who terminates an at-will employee in violation of clearly established public policy, see *Hobson* v. *McLean Hosp. Corp.*, 402 Mass. 413, 416 (1988), then vicarious liability should be imposed when an at-will employee is discharged with actual malice by a supervisor acting within the scope of his or her employment. To permit the existing distinction, the argument runs, is merely to select

---

[3]Neither party claims any error regarding the slander claim.

[4]The corporation was already a defendant on the slander count.

[5]The defendant had filed a motion for a directed verdict at the close of the evidence.

violations of public policy as more deserving of protection than malicious acts of supervisory employees — a choice that cannot rationally be defended.

We will not enter that debate, and consider the result in this case controlled by the cases cited above,[6] all of them relatively recently decided. See also *Smith- Pfeffer* v. *Superintendent of the Walter E. Fernald State School,* 404 Mass. 145, 150 (1989). The judge was in error in entering judgment against the corporation.

2. *The judge's instruction regarding Beaudoin.* The judge's instructions to the jury regarding the claim of intentional interference reduced the issue of the validity of Clement's termination to the question whether Beaudoin did it "in a reasonable way."[7] The defendant objected, citing *Wright* v. *Shriners Hosp. for Crippled Children,* 412 Mass. 469, 476 (1992).

The judge's instructions were not consistent with *Wright* v. *Shriners Hosp. for Crippled Children, supra,* and if the error injuriously affected the substantial rights of Beaudoin, there must be a new trial. See *Timmons* v. *Massachusetts Bay Transp. Authy.,* 412 Mass. 646, 652 (1992).

In an action for intentional interference with contractual relations, the plaintiff must prove that the defendant intentionally interfered with the plaintiff's business relationship with a third person and that such intentional interference was

---

[6]We have also considered Clement's suggestion that because the corporation was a small enterprise owned entirely by Beaudoin and Rosemary Kelly, the new rule he proposes — if limited to close corporations — would be quite narrow in scope. We are unpersuaded by the argument, for what is at stake is the risk of converting the existing rule regarding at-will employees into a rule requiring just cause for terminating such employees. See *Wright* v. *Shriners Hosp. for Crippled Children,* 412 Mass. 469, 475 (1992).

Beaudoin, relying on the same facts, argues that the judge erred in denying his motion for judgment notwithstanding the jury's verdict. That is, Beaudoin claims that, with forty-nine per cent of the stock, *he* was the employer and, therefore, he cannot be liable for tortious interference with his own contract. We reject that argument as well; Beaudoin fails to advance any sound reason for disregarding the corporate entity.

[7]The full statement by the judge to the jury was, "The question is did he do it in a reasonable way." In response, a juror asked whether it is "[w]rongful based on what we consider is reasonable or wrongful based on what the law says is reasonable?" The judge replied, "On what you think is reasonable."

improper in motive or means. See *United Truck Leasing Corp.* v. *Geltman*, 406 Mass. 811, 816 & n.8 (1990); *Melo-Tone Vending, Inc.* v. *Sherry, Inc.*, 39 Mass. App. Ct. 315, 316, 318 (1995). See Restatement (Second) of Torts §§ 766-767 (1979). Where, as here, the termination is by a supervisor acting within the scope of his responsibilities,[8] the supervisor (Beaudoin) "was privileged to act as he did," but the plaintiff may prevail if he proves that the supervisor "acted out of malevolence, that is, with 'actual' malice." *Gram* v. *Liberty Mut. Ins. Co.*, 384 Mass. 659, 663 (1981). See also *Wright, supra* at 476 (there is a right to fire an at-will employee unless the termination is "for a spiteful, malignant purpose, unrelated to the legitimate corporate interest"); *Sereni* v. *Star Sportswear Mfg. Corp.*, 24 Mass. App. Ct. 428, 432-433 (1987).

While Clement presented evidence (and the jury found) that at a meeting on August 9, 1988, Beaudoin grossly slandered Clement in the presence of other employees without justification, and while Clement also presented evidence that Beaudoin, at the August 9 meeting, threatened Clement with physical violence if he showed up for work the next day (all of which was sufficient to warrant the finding that Beaudoin acted with a malignant purpose), there was also evidence presented by Beaudoin[9] that he did not act out of a "spiteful, malignant purpose, unrelated to the legitimate corporate interest," see *Wright, supra* at 476. Beaudoin's evidence, if credited by the jury, could be sufficient to warrant the finding that Beaudoin acted to benefit the corporation. Where, as here, there is evidence that Beaudoin acted both from malicious motives and a motive related to the corporation's legitimate interests (see note 9, *supra*), the plaintiff has the burden of proving that Beaudoin's "actions were unrelated to any legitimate corporate interest." *Boothby* v. *Texon, Inc.*, 414 Mass. 468, 487 (1993).

The jury should have been instructed regarding the need to determine whether the plaintiff had carried his burden of proving that Beaudoin acted with a malignant purpose, unre-

---

[8]Beaudoin testified, without objection, to his authority to hire and fire.

[9]Beaudoin testified that Clement cost the corporation a quarter of a million dollars, that Clement had taken much too long in performing the contract at Osterville, that Clement used unnecessary equipment which cost the company a lot of money, and that Beaudoin wanted Clement out of the corporation because of poor job performance.

lated to any legitimate corporate interest, and a suitable special question to that end could have been framed. By lowering the threshold of liability from a "spiteful, malignant purpose" to conduct that was merely unreasonable, the judge improperly diminished the plaintiff's burden of proof to the material disadvantage of Beaudoin. Beaudoin is entitled to a new trial on the claim against him for causing the termination of Clement's at-will employment. The judgment with respect to Rev-Lyn Contracting Company is reversed, and judgment is to enter dismissing the complaint as to that defendant. The judgment against Beaudoin on count II is reversed, and the case is remanded to the Superior Court for further proceedings on that count.

*So ordered.*