Brassard, J.
INTRODUCTION
The plaintiff, Richard Ferguson (“Ferguson”), brought suit against the defendant, Host International, Inc. (“Host”), alleging that the defendant breached an implied and/or express employment contract.[2] This matter is now before the court on the defendant’s motion for summary judgment. For the reasons set forth below, the defendant’s motion is ALLOWED.
FACTS
Ferguson was hired by Host on November 8, 1989. He was working at the Dunkin’ Donuts facility at Logan Airport on July 31,' 1992, when a customer approached him about a food special and an exchange of words occurred. As a result of this incident, the plaintiffs supervisor, Ian Donnelly, filled out a “notice *46 of disciplinary action” and then told the plaintiff that he would be terminated. The plaintiff was terminated on August 6, 1992.
The plaintiff has brought suit for breach of an implied and/or express contract. The plaintiff asserts this contract arises out of the defendant’s employee handbooks. There are two employee handbooks in question here. The first one is the “Host International, Inc., Hourly Paid Employee Handbook, Airport Division” (“Handbook I”). The plaintiff received a copy of this handbook sometime during his employment and signed an acknowledgment form. On or about 1991, Host issued an updated handbook. This second handbook is entitled “Travel Plazas Employee Handbook” (“Handbook II”).
The plaintiff filed a charge of discrimination with the Massachusetts Commission Against Discrimination (“MCAD”) and the Equal Employment Opportunity Commission (“EEOC”) stating that he was terminated because of his race. In July, 1993, the MCAD issued a “Final Disposition” concluding that the plaintiffs charge of discrimination was not timely filed. In May, 1994, the EEOC issued a “Notice of Right to Sue (Dismissal)” letter stating that Ferguson’s charge was untimely filed and that he had 90 days to bring suit in the United States District Court. The parties agree these decisions were not appealed, that the claims with the MCAD and EEOC have been disposed of, and that there is no longer a claim for race discrimination. ■
DISCUSSION
This court grants summary judgment where there are no genuine issues of material facts and where the summary judgment record entitles the moving party to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community Nat'l Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). A party moving for summary judgment who does not bear the burden of proof at trial demonstrates the absence of a triable issue either by submitting affirmative evidence negating an essential element of the nonmoving party’s case or by showing that the nonmoving party is not likely to submit proof of that element at trial. Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991); Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). “The nonmoving party cannot defeat the motion for summary judgment by resting on its pleadings and mere assertions of disputed facts ...” LaLonde v. Eisnner, 405 Mass. 207, 209 (1989). The nonmoving party's failure to prove an essential element of its case “renders all other facts immaterial” and mandates summary judgment in favor of the moving party. Kourouvacilis v. General Motors Corp., 410 Mass. 706, 711 (1991) (citing Celotex v. Catrett, 477 U.S. 317, 322 (1986)).
1. At Will employment
The parties agree that Ferguson was an “at will” employee. Thus, the employer or the employee may terminate the relationship at any time, without cause, and for any reason or no reason. See Jackson v. Action for Boston Community Dev., Inc., 403 Mass. 8, 9 (1988). There are, however, some limitations to an employer’s right to terminate an employee “at will.” An employer cannot terminate an employee if it: (1) violates public policy, DeRose v. Putnam Management Co., 398 Mass. 205, 208-10 (1986); (2) violates a covenant of good faith and fair dealing, Fortune v. National Cash Register Co., 373 Mass. 96, 104-05 (1977); or (3) violates laws prohibiting discrimination in employment, G.L.c. 151B, §4 (1997).
In the case before this court, there are no facts that would trigger any of the exceptions to the termination of an “at will” employee.
2. Implied or Express Contract
The plaintiff argues that although he was an “at will” employee, that employment was the subject of a contract with the defendant because of Handbooks I and II. A personnel manual can be offered to show that an express or implied contract was formed. See Hobson v. McLean Hosp. Corp., 402 Mass. 413, 415 (1988). However, in Jackson, the court stated that as “a general rule, where an employment contract, be it express or implied, contains no definite period of employment, it establishes employment at will.” Jackson, 403 Mass. at 9. The two employee handbooks in this case cannot reasonably be interpreted as creating a definite period of employment.
The plaintiff asserts that Host did not follow its own termination procedures as set out in Handbooks I and II. If an employer fails to follow procedural requirements set out in an employment manual, then the employer can be liable. See Goldhor v. Hampshire College, 25 Mass.App.Ct. 716, 721 (1988). On the other hand, if an employer follows the terms of the employee handbook, an employee’s claim will fail. See Derrig v. Wal-Mart Stores, Inc. 942 F.Supp. 49 (D.Mass. 1996). Handbook I states that:
Commission of any of the following offenses or similarly serious offenses will result in discipline up to and including discharge . . . [c]ommission of a crime, or other conduct which damages the image or reputation of the company . . . Commission of a serious infraction of the company rules, including any of those listed above, may result in immediate discharge without prior notice. (Emphasis added.)
Handbook II reads in pertinent part:
An employee can also be discharged for violation of any of the following rules, which are such serious breaches of responsibility to the company that no *47 prior warnings are required: . . . Misconduct. (Emphasis added.)
Host’s decision to terminate the plaintiff did not breach these provisions, even if the handbooks set forth terms as to plaintiffs “at will” employment. Although Host apparently decided not to discuss the allegations of inappropriate conduct with the plaintiff, Host was not required to do so by either the employment “at will” doctrine or the handbooks.
ORDER
1. The defendant’s motion for summary judgment is ALLOWED.

 The plaintiff also claims that he suffered severe emotional distress. The plaintiffs claim of emotional distress must fail pursuant to G.L.c. 152, §26.