Donohue, J.
In Count I of the Plaintiff, John Bala’s complaint, Bala seeks damages resulting from his wrongful termination. Bala contends that he was terminated In violation of public policy. On the second day of trial, the Defendants submitted a Motion in Limine to prevent the Plaintiff, John Bala, from introducing evidence regarding future wages, that is, wages he would have earned had he stayed with the corporate Defendants. The Defendants argue that because Bala was an employee-at-will, he is not entitled to future damages.
An employee-at-will may only recover damages resulting from the employer’s failure to compensate the employee for work already performed. See King v. Driscoll, 424 Mass. 1, 7 (1996). If the recovery sought is unrelated to past services rendered, damages are inappropriate. See id. See also DeRose v. Putnam Mgmt. Co., 398 Mass. 205, 212, n. 7 (1986) (trial judge properly denied plaintiffs proposed jury instruction which would allow plaintiff to recover future wages). See also Maddolini v. Western Mass. Bus Lines, Inc., 386 Mass. 877, 883-84 (1982), and Fortune v. National Cash Register Co., 373 Mass. 96, 101, 105 (1977), where the court held that a plaintiff is entitled to recover wages and commissions which had vested at the time of his termination. However, if the employer profits from the termination of the employee-at-will, any unjust enrichment is recoverable by the employee. *670 See Fortune v. National Cash Register Co., 373 Mass. 96, 101 n.7 (1977).
Bala seeks wage he would have earned, including bonuses and other compensation, had he remained employed by the Defendants. Bala does not contend that these wages constitute compensation for services rendered, nor does he contend that if the wages sought are not paid, the Defendants will enjoy a windfall. Rather, the damages sought by Bala constitute future income lost as a result of his termination from the corporation. Lastly, Bala is not seeking tort damages resulting from his wrongful termination. See Hobson v. McLean Hosp. Corp., 402 Mass. 413, 417 n. 3 (1988).
The Defendants’ Motion In Limine To Exclude Evidence of Damages As To Count I of Plaintiffs Complaint is ALLOWED.