Janice **DESROCHERS** and Robert Desrochers, Plaintiffs,

v.

**HILTON HOTELS CORPORATION** and **H.L. Bert James,** Defendants.

No. CIV.A.98–11485–EFH.

United States District Court, D. Massachusetts.

Dec. 9, 1998.

John G. Coster, Boston, MA, for Plaintiffs.

Jonathan D. Rosenfeld, P. Michael Baratta, Lisa A. Stephanian, Hale and Dorr, Mark E. Schreiber, Christian J. Rowley, Palmer & Dodge LLP, Boston, MA, for Defendants.

## MEMORANDUM & ORDER

HARRINGTON, District Judge.

Plaintiffs Janice and Robert Desrochers have sued the Defendants Hilton Hotels Corporation ("Hilton") and H.L. Bert James ("James") for acts arising out of her employment. Specifically, the six count complaint alleges: Count I—Violation of the Family and Medical Leave Act ("FMLA"); Count II—Violation of COBRA (Consolidated Omnibus Reconciliation Act of 1985); Count III—Breach of Contract; Count IV—Intentional Infliction of Emotional Distress; Count V—Intentional Interference with Contractual Relations; and Count VI—Violation of the Massachusetts Civil Rights Act ("MCRA"). This matter is now before the Court on the defendants' motions to dismiss Counts III, IV, and VI of plaintiffs' Amended Complaint. For the reasons below, the Court grants the defendants' motions with respect to Counts III and VI and denies the motion with respect to Count IV.

### Count III—Breach of Contract

█ Count III alleges that Defendant Hilton breached its contractual obligation to the plaintiffs by failing to make timely payments of its portion of the monthly premiums under the group health plan. Hilton argues that this count is preempted by the Employee Retirement Income Security Act of 1974 ("ERISA") because it relates to an employee benefit plan, and, thus, should be dismissed. In reply, the plaintiffs concede that, if their health insurance coverage is a "welfare benefit plan" within the meaning of ERISA, then this count would be preempted by ERISA. Plaintiffs' Amended Complaint, however, is sufficiently clear for the Court to rule that the insurance falls within ERISA's reach.

Under ERISA, an "employee welfare benefit plan" includes any plan, fund, or program (i) established or maintained by an employer, (ii) for the purpose of providing participants and beneficiaries, (iii) through the purchase of insurance or otherwise, (iv) medical, surgical, or hospital care or benefits. 29 U.S.C. § 1002(1). The Amended Complaint alleges: (i) Hilton provided insurance to its employees and is the "administrator of the health insurance plan" within the meaning of ERISA; (ii) Ms. Desrochers is a "covered employee" under ERISA and Mr. Desrochers is a "qualified beneficiary" of Hilton's health plan under ERISA; (iii) Hilton paid for "its portion of the monthly premiums under the group health plan;" and (iv) the plan was for the purpose of "health coverage." On the basis of these alleged facts, the Court finds that the health plan is an employee welfare benefit plan for the purpose of ERISA and that ERISA preempts the plaintiffs' breach of contract claim. Accordingly, Count III is dismissed.

### Count VI—Massachusetts Civil Rights Act

█ Count VI alleges that Defendants Hilton and James interfered with Ms. Desrochers attempt to exercise her rights under the MCRA as secured by the FMLA. Defendants argue that this count should be dismissed for two reasons: (1) the FMLA provides the exclusive remedy for a violation of the rights at issue; and (2) the complaint fails to allege a physical confrontation accompanied by a threat of harm as required under the MCRA. The Court agrees with the former argument, and, thus, dismisses this count without addressing the latter.

The question of whether plaintiffs can assert an MCRA cause of action for violation of their FMLA rights is, apparently, one of first

impression. The Court is persuaded, however, that plaintiffs' cause of action should be dismissed because Congress intended the FMLA's specific remedies to be exclusive, and, thus, the MCRA claim cannot be based on rights granted by the FMLA.

The MCRA prohibits any person from "interfer[ing] by threats, intimidation, or coercion ... with the exercise or enjoyment by any other person ... of rights secured by the constitution or laws of the United States, or of the rights secured by the constitution or laws of the commonwealth...." Mass.Gen.L. ch. 12, § 11 I. The MCRA, however, does not provide any substantive rights, rather, it is a means to redress interference with rights that are granted by other state or federal laws. *Hobson v. The McLean Hospital Corp.*, 402 Mass. 413, 418 n. 6, 522 N.E.2d 975 (1988). In this case, the plaintiffs do not seek to enforce any state substantive rights; the underlying rights that the plaintiffs seek to enforce are federal and are granted by the FMLA.

Although no court has addressed whether plaintiffs can assert an MCRA cause of action for violation of their FMLA rights, several federal district courts have addressed whether a plaintiff can assert a Section 1983 cause of action for violation of their FMLA rights. These cases are instructive because of the similarity between Section 1983 and the MCRA. *See, e.g., Therrien v. Hamilton*, 849 F.Supp. 110, 115 (D.Mass.1994) ("The Massachusetts Civil Rights Act ... and 42 U.S.C. § 1983 are parallel statutes. Thus, the analysis for MCRA is similar to the § 1983 analysis."); *Batchelder v. Allied Stores Corp.*, 393 Mass. 819, 822, 473 N.E.2d 1128 (1985) ("the [Massachusetts] Legislature intended to provide a remedy under [the MCRA] coextensive with 42 U.S.C. § 1983, except that the Federal statute requires State action whereas its State counterpart does not.").

Of the courts that have considered the relationship between Section 1983 and the FMLA, all but one of these courts have held

that Section 1983 does not provide an alternative means of enforcing the rights granted by the FMLA. *Compare O'Hara v. Mount Vernon Board of Education*, 16 F.Supp.2d, 868, 895 (S.D.Ohio 1998) *and Jolliffe v. Mitchell*, 971 F.Supp. 1039, 1045 (W.D.Va. 1997) *and Clay v. City of Chicago, Department of Health*, 1996 WL 613164 at *2 (N.D.Ill.1996) *with Peterson v. Slidell Memorial Hospital and Medical Center*, 1996 WL 732840 at *3 (E.D.La.1996). In *Peterson*, the one case in which a court allowed duplicative Section 1983 and FMLA claims, no explanation or analysis was given for the court's action. This Court accepts the cogent reasoning of the courts that have barred the Section 1983 claims: the comprehensive detailed enforcement provisions of the FMLA show Congress' intention that the specific remedies set forth in Section 2617 of the FMLA are the exclusive remedies for the violation of the FMLA. *See O'Hara v. Mount Vernon Board of Education*, 16 F.Supp 2d, 868, 895 (S.D.Ohio 1998) (barring Section 1983 claim).[1] The plaintiffs are not entitled to bypass Congress' exclusive remedial scheme for enforcement of their FMLA rights by bringing a state MCRA cause of action.

## Count IV—Intentional Infliction of Emotional Distress

Count IV alleges that Defendant James engaged in extreme and outrageous conduct with the intent of causing Ms. Desrochers extreme emotional distress. Briefly, the Amended Complaint alleges that Mr. James repeatedly harassed Ms. Desrochers on the job; he harassed her at home during her day off; he went out of his way to exacerbate the depression that Ms. Desrochers was suffering as a result of a miscarriage; and he attempted to coerce her into resigning her position at Hilton. Given the factual nature of this count, it is premature for the Court to address this issue at the motion to dismiss stage. Accordingly, only Counts III and VI of the Amended Complaint are dismissed, and the Court shall entertain a motion for

---

**1.** Plaintiffs' assertion that Congress intended in 29 U.S.C. § 2651(b) for states to supplement the federal enforcement of the FMLA is incorrect. Section 2651(b) merely allows states to provide additional substantive leave rights, it does not suggest Congress intended that states should provide additional remedies for FMLA violations.

summary judgment on Count IV after discovery is concluded.

SO ORDERED.